IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | **CRIMINAL NO. 12-190-02** |
| MATTHEW MCMANUS | : | |

### GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION FOR FORFEITURE MONEY JUDGMENT

The government filed a motion for forfeiture money judgment to deprive defendant Matthew McManus from enjoying the fruits of his crimes. McManus' opposition to the government's motion relies on arguments soundly rejected by every court which has considered them and is otherwise without merit. For these reasons, the government respectfully requests that the Court reject defendant's arguments and grant the government's motion.

### BACKGROUND

Defendant Matthew McManus was one of the leaders of a fraud scheme in which he and his co-conspirators stole more than $26 million from over 1,900 victims. Following a lengthy trial, on February 19, 2014 McManus was found guilty of all counts presented to the jury after approximately three hours of deliberation.[1] On March 20, 2014, the government filed a Corrected Motion for Forfeiture Money Judgment (hereinafter "forfeiture motion"), seeking forfeiture based on the jury's guilty verdict as to Count One (conspiracy to commit mail and wire fraud) and Counts Four and Six (wire fraud). McManus opposes the government's motion on the grounds that: (1) the indictment failed to charge the proper forfeiture statute; (2) joint and several

---

[1] Prior to trial, the government moved to dismiss Count Three.

liability is not permitted by statute; and (3) under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the jury must determine the amount of forfeiture.[2] Each of these arguments should be summarily rejected.

## ARGUMENT

### I.  THE INDICTMENT PROVIDED DEFENDANT SUFFICIENT NOTICE OF FORFEITURE

The Government's Motion for Forfeiture Money Judgment seeks to forfeit property of the defendant under the provisions of 18 U.S.C. § 981(a)(1)(C), which is made applicable through 28 U.S.C. § 2461(c). While the indictment stated that forfeiture was sought pursuant to 18 U.S.C. § 982(a)(2), clearly it provided notice that the government intended to forfeit the proceeds of defendant's charged criminal conduct.

McManus erroneously claims that due to this scrivener's error the government is now barred from seeking forfeiture. He is mistaken. A mere citation error in a notice of forfeiture does not deprive a defendant of notice and permit him to retain the fruits of his crime. The Court of Appeals for the Seventh Circuit directly addressed this same argument in *United States v. Silvious*, 512 F.3d 364 (7th Cir. 2008), and soundly rejected it.

In *Silvious*, the mail fraud indictment erroneously cited section 982(a)(2) instead of sections 981(a)(1)(C) and 2461(c), as is the case here. Prior to sentencing, Silvious claimed that allowing the government to pursue forfeiture under a statute not noticed in the indictment, amounted to an impermissible constructive amendment of the indictment. *Id.* at 369-70. The Seventh Circuit rejected this argument holding that the indictment was not broadened in any way

---

[2] McManus also argues that the government has failed to properly calculate the amount to be forfeited. However, McManus fails to state any reasoning for this argument and instead asks the Court for leave to support this contention, if the Court first rejects its other arguments. Opp. of Def. Matthew McManus to Gov't Correction Mot. for Forfeiture Money Judgment ("Opp.") at 9-10.

by the substitution of the proper statute. *Silvious*, 512 F.3d at 369 (citing *United States v. Mitov*, 460 F.3d 901, 906 (7th Cir.2006) (properly noting that "[f]or a change in the indictment to rise to the level of a constructive amendment, it must establish an offense different from, or in addition to, those originally charged."). The court further stated: "we doubt the concept of constructive amendment applies here at all because it is concerned with "changes made to the indictment that affect elements of the crime. . . . The Supreme Court has made clear that despite the unique procedural safeguards that must accompany it, forfeiture is part of the sentence, not a substantive charge in itself." *Id.* (citing *Libretti v. United States*, 516 U.S. 29, 39–41 (1995)). The court also rejected the claims that the erroneous forfeiture citation failed to provide Silvious adequate notice. *Id.* at 370 (properly recognizing that "the indictment informed Silvious that the government intended to seek forfeiture, and it identified the targeted assets. Listing the wrong forfeiture statute did not prevent Silvious from receiving notice under Rule 32.2(a)."). *See also United States v. Wall*, 285 Fed. Appx. 675, 684-85 (11th Cir. 2008) (non precedential) (indictment that improperly cited section 982(a)(2) instead of sections 981(a)(1)(C) and 2461(c) was nevertheless sufficient to put defendants on notice that Government was seeking forfeiture of the proceeds of the mail and wire fraud offenses alleged in the indictment).

McManus urges the Court to reject the clear logic of *Silvious* for two reasons, neither of which is compelling. First, McManus claims that *Silvious* is inconsistent with the Supreme Court's recent decision in *Southern Union v. United States*, 132 S. Ct. 2344, 2355 (2012). This is simply wrong. In *Southern Union* the defendant company was found guilty of environmental violations that were accompanied by a maximum fine of $50,000 for each day the company violated the relevant environmental laws. *Id.* at 2349. Because the evidence at trial showed that the company was in violation for 762 days, the district court found that the

3

maximum fine was $38.1 million, and imposed a fine of $6 million. *Id.* The company appealed arguing that that the maximum fine was limited to $50,000 because the jury did not find that the company had violated the law for more than one day. *Id.* The Court held that the ruling in *Apprendi v. New Jersey* – that any fact that increases a criminal defendant's maximum potential sentence must be found by a jury – applied to criminal fines. *Id.* at 2348 (citing *Apprendi*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004)).

      *Southern Union* has no bearing on the issue before this Court. McManus ignores the fact that *Southern Union* has nothing to do with forfeiture or specifically, the notice issue before the Court. McManus completely glosses over this point, arguing simplistically that the "Supreme Court now recognizes no distinction between the elements of an offense and mere 'sentencing factors' . . . ." Opp. at 4 (citing *Garrus v. Sec'y of the Penna. Dep't of Corrections*, 694 F.3d 394, 400 (3d Cir. 2012)).[3] Indeed, McManus recognizes that *Silvious* is still binding precedent in the Seventh Circuit. Opp. at 4. Nothing in *Southern Union*, *Garrus*, or in any other case states (or even suggests) that an erroneous citation in the forfeiture portion of an indictment eviscerates a criminal defendant's obligation to forfeit the fruits of his crime.

      Second, McManus contends that he was not provided sufficient notice because of the erroneous citation in indictment. This argument offends common sense. The federal rules require that "a court must not enter a judgment of forfeiture in a criminal proceeding unless the indictment or information contains notice to the defendant that the government will seek the forfeiture of property as part of any sentence in accordance with the applicable statute." FED. R. CRIM. P. 32.2(a). While it would have been preferable for the Notice of Forfeiture to reference 18 U.S.C. § 981(a)(1)(C), an incorrect statutory citation is harmless if the indictment adequately

---

[3] *Garrus* likewise has no relevance to the matter pending before the Court. *Garrus* involved the application of *Apprendi* to the determination of the defendant's sentence of imprisonment in a habeas corpus proceeding. 694 F.3d at 396-97.

informs the defendant that his property will be subject to forfeiture, which the Indictment did.

*See Silvious*, 512 F.3d at 370 (rejecting this argument and stating the "essential purpose" of Rule

32.2(a) is to "inform the defendant that the government seeks forfeiture so the defendant can

marshal evidence in his defense" and that "[l]isting the wrong forfeiture statute did not prevent

Silvious from receiving notice under Rule 32.2(a).") (citation omitted).

        McManus does not even attempt to argue that the Indictment failed to provide

him actual notice or that he suffered any prejudice. Opp. at 5. Just as in *Silvious*, McManus was

on notice from the time of indictment that the government intended to seek forfeiture of his

property, specifically the proceeds of his criminal activity based on violations of 18 U.S.C. §§

371, 1343, after his conviction. *See also United States v. Grammatikos*, 633 F.2d 1013, 1024 (2d

Cir. 1980) (holding that the "principle objective" of the rule "is to provide persons facing

[criminal] charges with notice that forfeiture will be sought"). McManus had the opportunity to

gather and marshal evidence in his defense from the onset of this case. However, he failed, and

is now subject to forfeiture. There is simply no prejudice to McManus and any claim otherwise

would share the insincerity demonstrated in his trial testimony. *See United States v. Sarbello*,

985 F.2d 716, 721 (3d Cir. 1993) (holding that even given the government's ambiguous theory of

forfeiture, "absent prejudice to the defendants in light of uncontested *de facto* notice," the Court

would not vacate the order of forfeiture); *United States v. Diaz*, 190 F.3d 1247, 1258 (11th Cir.

1999) (stating that "the notice required by due process is only sufficient notice reasonably

calculated to apprise the defendant of the nature of the action and afford him a reasonable

opportunity to defend against it.") (citing *Robinson v. Hanrahan*, 409 U.S. 38, 40 (1972)).

The Indictment gave McManus sufficient notice of the government's intent to seek forfeiture. The arguments that an erroneous statutory citation somehow excuses him from forfeiture are not supported by statute, law, rule, or common sense.

## II.   THE COURT SHOULD IMPOSE JOINT AND SEVERAL LIABILITY

McManus opposes the imposition of joint and several liability on the grounds that it is not expressly permitted in the statute. McManus ignores case law stating that joint and several liability in forfeiture is appropriate and permitted by statute.

Numerous Courts of Appeals, including the Third Circuit, have upheld the imposition of joint and several liability in multi-defendant forfeiture cases. *See United States v. Roberts*, 660 F.3d 149, 165 (2d Cir. 2011) (joint and several liability for the amount of the money judgment in a drug case is mandatory); *United States v. Spano*, 421 F.3d 599, 603 (7th Cir. 2005) (all coconspirators are jointly and severally liable for the amount of the forfeiture regardless of how much or how little they benefitted from the conspiracy); *United States v. Bollin*, 264 F.3d 391, 417-18 (4th Cir. 2001) (defendant in investment fraud scheme held liable in forfeiture not only for money he received but also the foreseeable criminal conduct of his co-conspirators); *United States v. Ohle*, 441 Fed. Appx. 798, 803 (2d Cir. 2011) (non-precedential) (forfeiture is not limited to the proceeds defendant personally retained but includes amounts that he shared with others); *United States v. DeFries*, 909 F. Supp. 13, 19-20 (D.D.C. 1995) (defendants are jointly and severally liable even where the Government is able to determine precisely how much each defendant benefitted from the scheme), *rev'd on other grounds*, 129 F.3d 1293 (D.C. Cir. 1997). Indeed, it does not matter whether a given defendant kept the money for himself, passed it on to a third party, or retained only a fraction in comparison to the amounts retained by his confederates. *Spano*, 421 F.3d at 603. Nor does it matter that the

forfeiture is based, in part, on aspects of the offense in which a given defendant did not

personally participate. *See United States v. Candelaria-Silva*, 166 F.3d 19, 44 (1st Cir. 1999)

(even minor participants in drug conspiracy are jointly and severally liable for forfeiture of the

full amount of the proceeds; no Eighth Amendment violation); *United States v. Heller*, 2011 WL

5865914, \*3 (N.D. Okla. Nov. 22, 2011) (all members of a conspiracy are jointly and severally

liable; physician who provided prescriptions in a steroid distribution scheme was liable for the

full amount, even if he was not a full partner in the scheme but only received $50 per

prescription for his services); *United States v. Marcello*, 2009 WL 931039, \*2 (N.D. Ill. Apr. 6,

2009) (RICO conspirators are jointly and severally liable for the proceeds of the entire

conspiracy, irrespective of their lack of personal involvement in some parts of the offense).

      In *United States v. Pitt* the Third Circuit held that the defendants convicted in a

money laundering conspiracy were jointly and severally liable in forfeiture for the full amount of

cash received by the conspiracy. 193 F.3d 751, 765 (3d Cir. 1999). The court reached this

conclusion based on the clear statutory language, stating:

> Congress has provided that, in imposing sentence on a person convicted of, among other
> things, an offense in violation of the money laundering statute, 18 U.S.C. § 1956, a court
> "shall order that the person forfeit to the United States any property . . . involved in such
> offense." 18 U.S.C. § 982(a)(1). [The defendants] were both convicted as coconspirators
> under § 1956(h) . . . . We interpret § 982(a)(1) as imposing a rule of joint and several
> liability in the case of a money laundering conspiracy. The statute does not say that each
> conspirator shall forfeit only such property involved in the offense which is or has ever
> been in that conspirator's possession. Rather, the statute recognizes that the amount of
> property involved in a money laundering conspiracy cannot be different for different
> conspirators.

*Id.* Thus, the Third Circuit rejected the argument that McManus poses here; that the omission of

language allowing for joint and several liability acts as bar to its implementation.

      Section 981(a)(1)(C), like 982(a)(1) omits any reference to joint and several

liability. Instead, 18 U.S.C. § 981(a)(1)(C) states: "The following property is subject to

forfeiture to the United States: Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." The reasoning in *Pitt* applies here equally: "[t]he statute does not say that each conspirator shall forfeit only such property involved in the offense which is or has ever been in that conspirator's possession."[4] 193 F.3d at 765.

The evidence at trial demonstrated that McManus was not only a participant, but a leader, in the enormous Remington fraud conspiracy. Pursuant to 18 U.S.C. § 981(a)(1)(C) he must be subject to forfeiture for all of the "property . . . which constitutes or is derived from proceeds traceable" his and his co-conspirators crimes.

## III.   JUDICIAL IMPOSITION OF A SPECIFIC FORFEITURE AMOUNT DOES NOT VIOLATE *APPRENDI*

McManus also opposes the government's motion on the grounds that the Court cannot determine the amount of forfeiture because this is a fact that must be determined by the jury, pursuant to *Apprendi* and its progeny.  Opp. at 8.  This argument has been directly rejected by the Third Circuit and McManus' failure to cite controlling case law is puzzling.

The Sixth Amendment provides that all criminal defendants "shall enjoy the right to a speedy and public trial, by an impartial jury."  In a series of decisions including *Apprendi*, *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court considered in depth the respective roles of judge and jury in the context of fact-finding and criminal sentencing.  The central theme of this line of cases has been that facts increasing the maximum penalty for a crime must be either admitted or proven to a jury beyond a reasonable doubt.  *See Apprendi*, 530 U.S. at 490.

---

[4] Similarly, 21 U.S.C. § 853(a)(1) does not specifically contemplate joint and several liability in forfeiture, but the Third Circuit has  held it applicable. *Pitt*, 193 F.3d at 756;

Since the Supreme Court's decision in *Libretti v. United States*, 516 U.S. 29 (1995), courts throughout the country, including the Third Circuit, have held that *Apprendi* does not apply to forfeiture. In *Libretti* the Court held that the Court expressly held that there is no Sixth Amendment right to a jury verdict in a criminal forfeiture proceeding. 516 U.S. at 48–49.

The viability of *Libretti* was challenged in *United States v. Leahy*, 438 F.3d 328 (3d Cir. 2006), where the defendant argued, like McManus does here, that the amount of forfeiture imposed must be determined by the jury, pursuant to the *Apprendi* line of cases. 438 F.3d at 331. The Third Circuit soundly rejected this argument, holding that the Court's decision *Libretti* controlled the issue:

> our analysis of the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection. Our cases have made abundantly clear that a defendant does not enjoy a constitutional right to a jury determination as to the appropriate sentence to be imposed.

*Leahy*, 438 F.3d at 332 (quoting *Libretti*, 516 U.S. at 49). The Third Circuit also rejected the argument that *Booker* and *Blakely* eroded *Libretti's* precedential value stating, "we are not free to ignore the Supreme Court's holding in *Libretti*, nor do we possess the authority to declare that the Supreme Court has implicitly overruled one of its own cases." *Leahy*, 438 F.3d at 332 (citation omitted). As *Leahy* held, *Libretti* is still the law and the Court has said nothing that explicitly undermines that fact. For this reason, McManus' failure to cite *Leahy* is confounding.

The Court's decision in *Southern Union* did nothing to alter this analysis. *Southern Union* like *Booker* and *Blakely* before it did not overrule *Libretti*. Indeed, *Southern Union* did not even concern criminal forfeiture. Moreover, the Courts of Appeals that have considered the appropriateness of judicial fact-finding in criminal forfeiture post-*Southern Union* era, have all found that the *Southern Union* did not overrule *Libretti*. *See United States v.*

9

*Phillips*, 704 F.3d 754, 770 (9th Cir. 2012) (holding that *Southern Union* does not apply to criminal forfeiture for the same reasons that *Apprendi* and *Booker* do not apply: *Libretti* remains binding on the lower courts until the Supreme Court reconsiders it, and the *Apprendi* cases only apply if there is a statutory maximum and there is no statutory maximum for forfeiture); *United States v. Day*, 700 F.3d 713, 732-33 (4th Cir. 2012) (same).

Just last month, the Ninth Circuit soundly rejected the same argument McManus makes here. In *United States v. Wilkes*, the defendant argued that his Sixth Amendment right was violated when the district court determined the total amount to be forfeited. 2014 WL 928256 (9th Cir. Mar. 10, 2014). As is the case here, Wilkes argued that *Southern Union* extended *Apprendi* to monetary penalties associated with sentencing. The Ninth Circuit rejected this argument, succinctly stating:

> Wilkes's argument is directly contradicted by binding Supreme Court precedent. In *Libretti v. United States*, 516 U.S. 29, 48–49, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995), the Court expressly held that there is no Sixth Amendment right to a jury verdict in a criminal forfeiture proceeding. The Supreme Court has cautioned courts of appeals against concluding that "recent cases have, by implication, overruled an earlier precedent." *Agostini v. Felton*, 521 U.S. 203, 237, 117 S.Ct. 1997, 138 L.Ed.2d 391 (1997). Thus, "[i]f a precedent of [the Supreme] Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls, leaving to [the Supreme] Court the prerogative of overruling its own decisions." *Rodriguez de Quijas v. Shearson/Am. Express*, Inc., 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989). In compliance with the Supreme Court's instructions, we reject the argument that *Southern Union* implicitly overruled *Libretti*.

*Wilkes*, 2014 WL 928256, at *7. It is settled law that a defendant has no Sixth Amendment right to have forfeiture in a criminal case decided by a jury. *Libretti*, 516 U.S. at 49 ("the nature of criminal forfeiture as an aspect of sentencing compels the conclusion that the right to a jury verdict on forfeitability does not fall within the Sixth Amendment's constitutional protection").

Until and unless the Supreme Court explicitly rejects *Libretti*, the law allows this Court to determine the forfeiture amount.

## IV.    CONCLUSION

The government's motion for a forfeiture money judgment is well founded in statute and applicable case law. McManus' opposition is confused and misleading, and for all the reasons herein should be summarily rejected.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

J. ALVIN STOUT, III
Chief, Asset Forfeiture
Assistant United States Attorney

DAVID L. AXELROD
Assistant United States Attorney

Dated: April 23, 2014

CERTIFICATE OF SERVICE

The foregoing filing has been served electronically through the electronic case

filing system upon:

**LISA A. MATHEWSON, ESQUIRE**
123 S. Broad Street, Suite 810
Philadelphia, PA 19109

DAVID L. AXELROD
Assistant United States Attorney

Dated: April 23, 2014