IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 12-190 |
| MATTHEW McMANUS | : | |

## GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The United States of America, by its attorneys, Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and David L. Axelrod, Assistant U.S. Attorney for the district, hereby submits this supplemental sentencing memorandum to address portions of defendant Matthew McManus' sentencing memorandum. For all the reasons stated in the government's initial sentencing memorandum and this supplemental sentencing memorandum the government respectfully recommends a sentence of 220 months' imprisonment.

I. A SENTENCE OF 120 MONTHS DOES NOT MEET THE NEEDS OF SENTENCING

The primary argument defendant Matthew McManus makes in support of his request for a sentence of 120 months is that the government deems that a "reasonable" sentence.[1] This could not be farther from the truth. Indeed, three 3553(a) factors – just punishment, deterrence, and the need to avoid unwarranted sentencing disparities – suggests that a sentence of 120 months is inadequate. First, the government cannot overstate the harm caused by

---

[1] The irony of this argument is that the government could turn it around and contend that McManus agrees that a 220 month sentence is "reasonable." It is highly unlikely McManus would agree that a 220 month sentence is reasonable.

McManus. Over 1,900 people were victimized for $26 million directly because of McManus' actions. And the scheme could not have succeeded without McManus direct involvement. The evidence at trial demonstrated that Remington employees used McManus' Northbridge lie as one of the primary ways to induce victims to pay Remington' advance fees.

Second, both specific and general deterrence suggest that a sentence of 220 months' imprisonment, not 120, is appropriate. Even after McManus learned in 2008 that the FBI was investigating Remington he continued engaging in fraudulent conduct. Then from 2011 to 2014, McManus lied and attempted to cover up his role in these crimes. There is little doubt that McManus believed he was untouchable because of his "legitimate" business success. In all likelihood McManus would have continued using the same fraudulent business practices had he not been indicted and convicted. For these reasons the government believes that McManus poses a serious risk of recidivism.

General deterrence is also incredibly important. The 2008 financial crisis fundamentally changed the United States economy. Many people lost jobs and banks have forever changed their loan criteria. There is now a large population of would-be entrepreneurs unable to secure loans through conventional and legitimate sources. These changes have created a ripe environment for people like McManus to steal, rob, and swindle. The internet is full of companies like Remington and individuals like McManus who are eagerly waiting to exploit these circumstances for their own benefit. A sentence of 220 months (more than 18 years) will hopefully deter these predators from following the McManus path.

McManus contends that 120 months' imprisonment satisfies the need for general deterrence because "to the vast majority of professionals, the prospect of suffering what Mr. McManus has and will suffer is terrifying: a federal prosecution, a federal conviction, the

attendant publicity, a loss of professional standing, lack of access to credit, loss of accumulated wealth, and a prolong time away from his family." McManus Sentencing Mem. at 19. This argument misses the mark.

Since at least 2005 McManus lived a life of luxury, paid for with the proceeds of this fraud. This opulent lifestyle included:[2]

(1)   a $1,000,000+ house in the Philadelphia area;

(2)   a $1,000,000+ vacation house in Nantucket;

(3)   a $500,000+ pied à terre in Center City Philadelphia for his exclusive use;

(4)   a $100,000 Porsche and other luxury cars;

(5)   a private airplane; and

(6)   private school for his children.

The sad reality is that many people who share McManus' immorality and criminality would gladly trade the risk of a ten year sentence for a chance to live this lifestyle.

The government hopes that the sentence imposed by the Court is a prophylactic shot across the bow of likeminded criminals.

Third and finally, there is an important need to avoid unwarranted sentencing disparities. Andrew Bogdanoff's sentence of 220 months serves as a benchmark for this sentencing. In some ways (as pointed out in his memorandum) McManus is less deserving of a 220 month sentence. However, McManus is arguably more deserving of this sentence because he attempted to obstruct justice, he lied to the FBI on two occasions, he did not accept

---

2 The unfortunate reality is that the government will never fully recover the proceeds of McManus crimes. McManus, like Bogdanoff and others, used the fraud proceeds to fund a life based on immediate consumption. McManus has few tangible assets that can be forfeited to help make his victims whole.

3

responsibility and put the government to its burden, and he lied under oath at trial.

For these three primary reasons the government strongly recommends a sentence of 220 months' imprisonment.

## II.   PRE-TRIAL PLEA NEGOTATIONS ARE IRRELEVANT

As part of his effort to convince the Court to impose a 120 month sentence McManus argues that this sentence is reasonable because the government proposed a plea that would have yielded a range of 136 to 168 months' imprisonment. This argument is completely irrelevant for two reasons.

First, it is important to note that the government did not extend McManus a formal plea agreement. The government and McManus engaged in fruitless discussions, nothing more.

Second, the government's informal pre-trial position was based on McManus accepting responsibility and saving the government significant resources by avoiding a trial. We are of course in a much different situation now. Instead of taking responsibility for his actions McManus went the opposite direction and lied at trial. Of course he should not get the benefit of accepting responsibility (and the three-level guideline reduction) that was contemplated before trial.[3] Additionally, rather than save the government substantial resources, McManus put the government to its burden, which required the government to expend hundreds of hours preparing and trying the case, and spend thousands of dollars flying witnesses into Philadelphia for the trial.

---

3 Under this calculation, excluding a three level-reduction for acceptance of responsibility, the advisory guideline range would have been 188 to 235 months' imprisonment.

4

## III. SENTENCING RECOMMENDATION

Based on all of the foregoing, the government respectfully requests that the Court impose a sentence of 220 months' imprisonment.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

DAVID L. AXELROD
Assistant United States Attorney

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Sentencing Memorandum has been served on the following:

A. Jeff. Ifrah
Ifrah Law
1717 Pennsylvania Avenue, N.W., Suite 650
Washington, D.C. 20006

Lisa A. Mathewson
123 S. Broad Street, Suite 810
Philadelphia, Pennsylvania 19109

_____
DAVID L. AXELROD
Assistant United States Attorney

Date: October 6, 2014