IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| v. | : | CRIMINAL NO. 12-190-2 |
| MATTHEW MCMANUS | : | CIVIL ACTION NO. 15-5635 |

Goldberg, J.                                                                                                                    May 25, 2017

## MEMORANDUM OPINION

Before me is Matthew McManus's (hereinafter referred to as "Petitioner") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner asserts that trial counsel was ineffective for miscalculating the sentencing guidelines and failing to advise him that he should plead guilty. The Government seeks dismissal of the motion because Petitioner waived his appellate rights, including the right to collaterally attack his conviction or sentence. For the reasons set out below, I will dismiss Petitioner's habeas petition.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On April 26, 2012, a federal grand jury returned a 33-count indictment against Petitioner and his co-defendants. The indictment charged conspiracy to commit wire fraud, mail fraud, wire fraud, money laundering, obstruction of justice, false statements, and tax offenses. Petitioner was convicted on February 19, 2014. The jury found Petitioner guilty of conspiracy to commit wire fraud (Count 1), wire fraud (Counts 4 and 6), money laundering (Counts 17, 18, and 19), obstruction of justice (Count 32), and false statements (Count 33). (Doc. No. 331 at 1.)

The events giving rise to Petitioner's conviction occurred while Petitioner was working at Remington Financial Group ("Remington"). Remington purported to offer its customers assistance in securing financing for commercial projects. It sold letters of interest to customers

1

seeking financing for their business projects, requiring them to pay advance fees to secure that financing. In reality, there were no interested investors and the letters of interest were fraudulent. Petitioner and his co-defendants induced approximately 1,900 customers to pay $26 million in advance fees. (Id. at 1.)

The Honorable Judge William H. Yohn Jr. held Petitioner's sentencing hearing on October 7, 2014. Under the sentencing guidelines, Petitioner's offense level was 42, with an advisory guideline range of 360 months to life. Because of the statutory maximum sentence, the actual range was 360 to 1,020 months. Before his sentencing hearing, Petitioner entered into a sentencing agreement with the Government, whereby the parties agreed that the Government would recommend a sentence of 120 to 220 months. In exchange, Petitioner agreed to withdraw his objection to the Government's preliminary motion for forfeiture, not contest forfeiture, and provide the Government with documents showing his wife had forfeited her interest in two pieces of real property. Petitioner also waived his right to appeal or collaterally attack his conviction or sentence. Specifically, he agreed that

> [i]n exchange for the promises made by the government in entering this agreement, [he] voluntarily and expressly waives all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.

Petitioner further agreed that he could appeal or collaterally attack his conviction or sentence in only four situations: (1) where the Government appealed from the sentence; (2) where his sentence on any count of conviction exceeded the statutory maximum for that count; (3) where he wished to challenge a decision by the sentencing judge to impose an upward departure above the advisory guideline range; or (4) where he wished to challenge a decision by the sentencing

2

judge to impose an upward variance above the advisory guideline range. (Sentencing Agmt., Doc. No. 345, at 2-3.)

Judge Yohn reviewed the sentencing agreement with Petitioner and then sentenced him to 192 months' imprisonment. Petitioner did not appeal his conviction or sentence. On November 9, 2015, Petitioner filed this § 2255 motion.[1] The Government has filed a response, to which Petitioner has replied, and this matter is ready for disposition.

## II. DISCUSSION

Petitioner seeks to circumvent his waiver of the right to collaterally attack his conviction or sentence in order to argue that his trial counsel was ineffective for (1) miscalculating his sentence under the sentencing guidelines, and (2) failing to advise him that he should plead guilty. Petitioner first claims he was "misled by his lawyer," and that enforcement of his waiver would amount to a miscarriage of justice. Petitioner next argues Judge Yohn's colloquy was confusing because it implied that Petitioner could file a § 2255 petition alleging ineffectiveness of counsel. (Pet'r's Resp. at 5-12.) The Government has filed a response seeking enforcement of the collateral attack waiver provision set forth in the parties' sentencing agreement. (Gov't Reply at 12-16.)

### A. Legal Standard

28 U.S.C. § 2255 allows a "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was

---

[1] This matter was transferred to my docket on October 15, 2015.

3

imposed in violation of the Constitution . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence."[2] 28 U.S.C. § 2255(a).

The Court of Appeals for the Third Circuit has recognized the validity of a defendant's waiver of his right to file a § 2255 motion or other collateral proceeding attacking his conviction and sentence. United States v. Khattak, 273 F.3d 557, 562 (3d Cir. 2001). A district court has an independent duty to evaluate the validity of the waiver. United States v. Mabry, 536 F.3d 231, 238 (3d Cir. 2008). In evaluating the validity, a district court must examine (1) if the waiver was made knowingly and voluntarily; and (2) if enforcement of the waiver would result in a miscarriage of justice. Mabry, 536 F.3d at 237; Khattak, 273 F.3d at 561.

Although most of the waiver cases decided in this Circuit examine the validity of a guilty plea agreement waiver provision, the one other opinion that examines the validity of a sentencing agreement waiver provision followed the same standard as outlined above. See Nunez v. United States, 2008 WL 270516, at *2-3, (D. N.J. July 8, 2008).

## B. Collateral Attack Waiver

### i. The Knowing and Voluntary Nature of the Waiver

A petitioner challenging the knowing and voluntary nature of a collateral review waiver "bears the burden of presenting an argument that would render his waiver unknowing or involuntary." Mabry, 536 F.3d at 237. Here, though he does not say so explicitly, Petitioner seems to argue that because Judge Yohn's colloquy was confusing, he unknowingly waived his right to collaterally attack his conviction or sentence.

---

[2] A § 2255 motion must be filed within one year from "the date on which the conviction becomes final." 28 U.S.C. § 2255 (f)(1). The Government does not challenge the timeliness of Petitioner's motion.

4

At Petitioner's sentencing hearing, Judge Yohn thoroughly reviewed the sentencing agreement with Petitioner, including the waiver provision:

> THE COURT: Okay. All right, now in this agreement you have also agreed that you will not appeal the sentence that is imposed, except in some limited purposes, and that you're giving up your right for any post hearing proceedings known as collateral attacks, or habeas corpus attacks.
>
> First, you have—I want to advise you, you normally have the right to appeal any sentence that I impose on you to a higher Court which could modify your sentence or set aside your sentence and require me to re-sentence you. The Government also has this same right of appeal.
>
> The guilty plea agreement greatly limits your right of appeal. You can only appeal on the grounds set forth, not in the guilty plea agreement, but in the sentencing agreement. Do you understand that?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: Also, you ordinarily have the right to bring later proceedings known as a collateral attack by filing a federal habeas corpus motion to set aside or vacate or correct your sentence under Section 2255. Your sentencing agreement absolutely prohibits you from using these later proceedings, unless you allege ineffective assistance of counsel. Do you understand that?
>
> [PETITIONER]: Yes, Your Honor.
>
> THE COURT: And you agree to waive your right to appeal and file post conviction hearing proceedings in accordance with the agreement?
>
> [PETITIONER]: Yes, Your Honor.
>
> [TRIAL COUNSEL]: Your Honor, to clarify, this agreement actually uses what I'll call the old 2255 waiver language which does not contain an exception for ineffective assistance. For that reason, Mr. McManus had separate counsel advise him in connection with the waiver because of course the Pennsylvania Ethics Board has said that that's required, that he have competent counsel in that situation.
>
> THE COURT: That's right, I did remember reading that. I forgot it at the moment, yes. All right, well, you might still be able to file in effective assistance, but this restricts you even more than under the normal guilty plea agreements that we have. Do you understand that?
>
> [PETITIONER]: Yes, Your Honor.

5

(N.T. 10/07/14 at 10-11.)

After reviewing the terms of the agreement, Judge Yohn asked Petitioner if there was anything he did not understand in it, to which Petitioner responded "No, Your Honor." Judge Yohn then asked Petitioner if he had any questions, to which Petitioner responded "I do not." Judge Yohn then found that Petitioner was competent to enter the sentencing agreement, he was entering it voluntarily, and he understood he was waiving his right to appeal or seek collateral relief. Not only did Judge Yohn ensure that Petitioner was knowingly and voluntarily waiving his right to collateral relief, counsel separate from trial counsel reviewed the waiver provision with Petitioner prior to sentencing. Separate counsel specifically explained to Petitioner that he was waiving his right to bring an ineffectiveness of counsel claim.

Additionally, Petitioner is a sophisticated college-educated businessman, and he reviewed the plainly worded language of the sentencing agreement himself. (Id. at 4-14.) Any confusion in Judge Yohn's colloquy was cured by his follow-up questions, as well as separate counsel's advice and the language of the agreement itself. Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction or sentence.

### ii. Miscarriage of Justice

In determining whether enforcing a waiver would result in a miscarriage of justice, the Third Circuit instructs district courts to look at the following factors: "the clarity of the error, its gravity, its character (e.g., whether it concerns a fact issue, a sentencing guideline, or a statutory maximum), the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." Khattack, 273 F.3d at 563 (quoting United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)). The Third Circuit otherwise does not list specific instances that would give rise to a miscarriage of justice. Mabry,

536 F.3d at 243. Where a petitioner claims that ineffective assistance of counsel resulted in him misunderstanding the waiver, the Third Circuit has found it would be a miscarriage of justice to enforce the waiver. See United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007) (finding a miscarriage of justice where ineffective assistance of counsel prevented the petitioner from understanding his plea agreement and filing a direct appeal permitted by his plea agreement); see also Mabry, 536 F.3d at 238, n.7 (stating that if the petitioner had asserted he were misled by counsel, the court would have considered remanding to the district court for a hearing).

Petitioner argues that counsel misled him such that enforcing the waiver would result in a miscarriage of justice. Petitioner misapplies Shedrick and Mabry. Unlike in Shedrick, Petitioner has failed to articulate ineffective assistance of counsel claims that call into question the validity of his waiver.[3] Both of his claims attack counsel's performance before trial, not at the time Petitioner entered into the sentencing agreement. Petitioner asserts that had counsel correctly calculated Petitioner's sentence under the sentencing guidelines, he may have pled. He also alleges that had counsel advised Petitioner to more strongly consider a plea bargain, he may have pled. Again, neither of these claims argues that counsel was ineffective in negotiating or explaining Petitioner's sentencing agreement. Enforcing the waiver would not result in a miscarriage of justice under Petitioner's flawed theory or any other. Rather, enforcing the waiver upholds the integrity of the sentencing agreement.

---

[3] Petitioner also cites to United States v. Bui, 795 F.3d 363 (3d Cir. 2015), arguing that its holding is applicable here. In Bui, the Third Circuit found that the defendant would likely not have pled guilty, and therefore not have entered a plea agreement containing a waiver provision, but for trial counsel's ineffective assistance of counsel. The court found that counsel's performance was exacerbated by the district court's colloquy, which inadvertently reinforced counsel's bad advice. In that case, the Government did not seek to enforce the waiver provision. (Pet'r's Resp. at 11-12.)

Here, the Government is seeking to enforce the waiver provision, and Petitioner does not allege that trial counsel's ineffective assistance of counsel led him to enter an agreement he otherwise would not have entered. Petitioner's reliance on Bui is misplaced.

7

## III. CONCLUSION

The collateral attack waiver meets the two-prong test used by the Third Circuit: Petitioner knowingly and voluntarily waived his right to collaterally attack his conviction or sentence, and upholding the waiver does not result in a miscarriage of justice. Because I find that the waiver is enforceable, I will not address Petitioner's claims of ineffectiveness of counsel. I will dismiss Petitioner's § 2255 petition.

An appropriate Order follows.